IN THE UNITED STATES DISTICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MOHAMMAD RAFIEE**<br>A208 425 189,<br>**LIDA KHALAFI**<br>A214 053 770<br>       Plaintiff<br><br>       v.<br><br>**MATTHEW WHITAKER,** Acting<br>Attorney General of the United States,<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530-0001<br>**KIRSTJEN M. NIELSEN,** Secretary,<br>U.S. Department of Homeland Security<br>Washington, DC 20528<br>**L. FRANCIS CISSNA,** Director,<br>U.S. Citizenship and Immigration Services,<br>111 Massachusetts Ave NW<br>Washington, DC 20529<br>**LOREN K. MILLER,** Director,<br>Nebraska Service Center,<br>U.S. Citizenship and Immigration Services,<br>850 S Street, Lincoln, Nebraska 68501<br>**CHRISTOPHER A. WRAY,** Director,<br>Federal Bureau of Investigation,<br>935 Pennsylvania Avenue, NW<br>Washington, DC 20535-0001<br>**KAY LEOPOLD,** Field Office Director,<br>Madison-Milwaukee Field Office,<br>U.S. Citizenship and Immigration Services<br>310 East Knapp Street<br>Milwaukee, Wisconsin 53202<br>       Defendants | Civil Action No. _____ |

## COMPLAINT FOR WRIT OF MANDAMUS

Mohammad Rafiee and his spouse, Lida Khalafi, by through counsel, seeks a writ of mandamus and states the following in support thereof:

1

## INTRODUCTION

1. This is a civil action brought by Plaintiffs to compel defendant agencies and officers of the United States to adjudicate Mohammad Rafiee and Lida Khalafi's (hereinafter "Plaintiffs" or "Plaintiff") Forms I-485 Applications to Register Permanent Residence or Adjust Status (hereafter "I-1485 applications") based on an approved Form I-140 Immigrant Petition in the EB-2 Category for Individuals with Exceptional Ability in the National Interest. Plaintiffs' applications have been pending since April 16, 2016. Defendant U.S. Citizenship and Immigration Services ("USCIS") has not issued final decisions after over 40 months, purportedly because Defendant Federal Bureau of Investigation ("FBI") has failed to complete its immigration security background checks. Both functions – completion of immigration security background checks and adjudication of the application – are nondiscretionary ministerial duties owned to Plaintiffs. Having no other adequate remedy to obtain that right, Plaintiffs bring this action to compel Defendants to perform their duties as required by law.

## JURISDICTION AND VENUE

2. There are no administrative remedies available to Plaintiffs to redress the grievances described herein. This action challenges only defendants' procedural policies, practices, and interpretation of law, not the granting or denial of individual's applications. Therefore, the jurisdictional limitations of INA § 242, 8 U.S.C. § 1252 are not applicable.

3. Venue is proper in this Court under 28 U.S.C. § 1391 (e) because this is a civil action in which the defendant Matthew Whitaker, Acting Attorney General of the United States, Kirstjen M. Nielsen, Secretary of U.S. Department of Homeland Security, L. Francis Cissna, Director of U.S. Citizenship and Immigration Services, and Christopher Wray, Director of Federal Bureau of Investigation are officers of the United States acting in their official

capacities and U.S. Department of Homeland Security ("DHS"), USCIS and FBI are agencies of the United States; and because many of the events or omissions giving rise to the claim occurred in this judicial district.

## PARTIES

4. Plaintiff Mohammad Rafiee is a native and citizen of Iran. Mr. Rafiee resides with his wife, Lida Khalafi, and their United States citizen daughter Elena Rafiee in Madison, Wisconsin. Mr. Rafiee's alien number is A208 425 189.

5. Plaintiff Lida Khalafi is a native and citizen of Iran. She is the spouse of Mr. Mohammad Rafiee. Ms. Khalafi's alien number is A214 053 770

6. Matthew Whitaker is the Acting Attorney General of the United States. He is charged with the administration and enforcement of the immigration law. 8 U.S. C § 1103 (a). He is sued in his official capacity.

7. Kirstjen M. Nielsen is the Secretary of DHS. She is charged with any and all responsibilities and authority in the administration of the DHS as have been delegated or prescribed by the Attorney General. She is sued in her official capacity.

8. L. Francis Cissna is the Director of USCIS. He is charged with any and all responsibilities and authority in the administration of the USCIS as have been delegated or prescribed by the Attorney General. He is sued in his official capacity.

9. Lauren K. Miller is the Director of the Nebraska Service Center ("NSC"), USCIS. She is charged with any and all responsibilities and authority in the administration of the NSC as have been delegated or prescribed by the Attorney General. She is sued in her official capacity.

10. Christopher Wray, III is the Director of FBI. He is charged with any and all responsibilities and authority in the administration of the Federal Bureau of the Investigation as have been delegated or prescribed by the Attorney General. He is sued in his official capacity.

11. Kay Leopold is the Director of Madison-Milwaukee Field Office of the USCIS. She is charged with any and all responsibilities and authority in the administration of the DHS as have been delegated or prescribed by the Attorney General. She is sued in her official capacity

## THE ADJUSTMENT OF STATUS PROCESS

12. Under law, the USCIS has a non-discretionary duty to adjudicate I-485 Application to Register Permanent Residence or Adjust Status to Lawful Permanent Residence within a reasonable period of time. These applications are the means by which foreign nationals lawfully present in the United States apply for lawful permanent residence.

13. When an I-485 application is filed within the USCIS, the FBI has a duty to conduct a security background check on the applicant within a reasonable period of time. Upon information and belief, such checks (a) are performed to determine if there are criminal or security issues in the applicant's background that affect the applicant's eligibility to become a lawful permanent residence, and (b) must be completed before an I-485 application is adjudicated.

14. Upon information and belief, the overwhelming majority of security background checks are completed within six months after an I-485 application is filed. Plaintiff's I-485 Applications has been for over 30 months since April 2016.

## STATEMENT OF FACTS

15. Mr. Mohammad Rafiee is a native and citizen of Iran and was born on February 20, 1979 in the Islamic Republic of Iran. Mr. Rafiee and his wife Lida Khalafi first entered the United States in 2010 as J-1 nonimmigrants sponsored by the University of Minneapolis to perform

4

research in chemistry. He and his wife remained here for three months before returning to Iran. **See Exhibit 1, Travel histories for Mohammad Rafiee and Lida Khalafi**.

16. Mr. Rafiee and his wife returned again to the United States in 2014 on J-1 and J-2 nonimmigrant visas sponsored by the University of Wisconsin-Madison to perform research in chemistry. **See Exhibit 1, Forms I-94 for Mohammad Rafiee and Lida Khalafi.**

17. Mr. Rafiee filed the I-140 Immigrant Petition for Alien Worker (Individual with Exceptional Ability in the National Interest) on July 27, 2015 which was approved on April 5, 2016. **See Exhibit 2, Form I-797C Notice of Action.**

18. Both plaintiffs filed the I-485 applications April 18, 2016 shortly after receipt of the Form I797C Notice of Action advising that the I-140 Immigrant Petition for Alien Worker had been approved. They also filed applications for employment authorization documents (Forms I-765) and applications for travel documents (Forms I-131) at the same time, which were subsequently approved. **See Exhibit 3, Forms I-797C, Notices of Action for I-485 Applications to Register Permanent Residence or Adjust Status for Mohammad Rafiee and Lida Khalifa; Exhibit 4, Forms I-797C, Notices of Action for Forms I-765 and Forms I-131 and copies of Employment Authorization Document (EAD) and Advance Parole (AP) combination cards for Mohammad Rafiee and Lida Khalafi.**

19. Mr. Rafiee, his wife Lida Khalafi and their young daughter returned to Iran for a three- week visit in December 2016 and returned to the United States on January 10, 2017 on their Advance Parole cards. They have remained in the United States since that time. **See Exhibit 1, Forms I-94 and travel histories for Mohammad Rafiee and Lida Khalafi.**

20. During the past year, Mr. Rafiee and Ms. Khalafi have contacted U.S. Citizenship and Immigration Services regarding the status of their long-pending adjustment of status on numerous occasions. They have not received any up-to-date status information regarding

5

their cases other than that they remain pending. **See Exhibit 5, confirmation of Status Inquiries filed with USCIS by Mohammad Rafiee and letter from counsel presented during USCIS INFOPASS appointment.**

21. United States Senator Tammy Baldwin also filed inquiries on her constituents' behalf and was advised that USCIS is unable to determine the date on which the necessary clearance will be received or when the applications for adjustment of status will be returned to an adjudicating officer. **See Exhibit 5, confirmation of inquiries by US Senator Baldwin and response.**

22. On June 28, 2018, counsel, on behalf of Mr. Rafiee and Ms. Khalafi, filed an inquiry with the USCIS Ombudsman's Office to seek assistance in obtaining adjudication of the applications for adjustment of status. On November 7, 2018, the Ombudsman's Office contacted us and advised that it reviewed our request and will notify us when they receive any information from USCIS. The Ombudsman's Office did not provide any substantive information regarding the status of the applications. **See Exhibit 6, Form DHS-7001 Case Assistance Confirmation, dated June 28, 2018 and CIS Ombudsman Service email correspondence, November 7, 2018.**

23. According to the most recent official USCIS report issued by the Milwaukee Field Office of the USCIS, the processing time for an I-485 application is 10 months to 23.5 months. **See Exhibit 7, Processing Time Report of Milwaukee Field Office of the USCIS.**

24. Mr. Rafiee and Ms. Khalafi filed their applications for adjustment of status on April 16, 2016. The processing time for their applications – over 30 months -- has far exceeded the posted processing time for such applications by the Milwaukee Field Office of the USCIS.

25. According to a USCIS memorandum dated February 9, 2009, the FBI fingerprint check and the IBIS check must be obtained and resolved before an application for adjustment is

approved. Where an application is otherwise approvable and the FBI name check has been pending for more than 150 days, the adjudicator is required to notify a designated point of contact at USCIS Headquarters. The individual is required to reach out to the FBI to determine the reason for the delay. Headquarters will then provide the adjudicating officer with case specific guidance, including where appropriate to approve the pending application. <u>See Exhibit 8</u>, **USCIS Memorandum, Donald Neufeld, Acting Associate Director, Domestic Operations, National Security Adjudication and Reporting Requirements – Update (Feb. 9, 2009).**

26. Upon information and belief, there is no legitimate reason for the excessive delay in adjudicating Plaintiffs' applications for adjustment of status.

27. Plaintiffs meet the statutory requirements to adjust their status to lawful permanent residents.

28. Plaintiffs were entitled to file their applications on April 16, 2016 and have the right to have their applications adjudicated immediately.

29. The Defendant government agencies and officers named in this Complaint have adequate resources to perform their duties in a reasonable time, including the duties that must be performed in adjudicating I-485 Application to Register Permanent Residence or Adjust Status, such as the ones submitted by Plaintiffs.

30. Plaintiffs have exhausted their administrative remedies.

### CAUSES OF ACTION

#### I.

#### Violation of INA § 209 (b), 8 U.S. C. § 1159 (b)

31. Plaintiffs incorporate paragraph 1 through 30 as if fully set forth herein.

32. Defendants' practices, policies, conducts, and failures to act as alleged herein deprive Plaintiff to adjust status pursuant to INA § 209 (b), 8 U.S.C. § 1159 (b) and unlawfully delay his adjustment of status pursuant to that statute.

33. As a result, Plaintiffs have suffered irreparable harm and damages entitling them to injunctive and other relief.

## II.

### Violation of Administrative Procedures Act, 5 U.S. C. §§ 702 and 706

34. Plaintiffs incorporate paragraph 1 through 32 as if set forth in full herein.

35. Defendants' practices, policies, conducts, and failure to act as alleged herein violate, inter alia, the Administrative Procedure Act, 5 U.S.C. §§ 702 and 706, because agency action is unlawfully withheld or unreasonably delayed under § 706 (1).

36. As a result, Plaintiffs have suffered irrespirable harm and money damages entitling them to injunctive and other relief.

## III.

### Violation of the Fifth Amendment, Due Process and Equal Protection Clauses

37. Plaintiffs incorporate paragraph 1 through 36 as if set forth in full herein.

38. Defendants' practices, policies, conducts, and failure to act as alleged herein violate Plaintiff's right to due process and equal protection of law protected by the Fifth Amendment to the United States Constitution.

39. As a result, Plaintiffs have suffered irrespirable harm and damages entitling him to injunctive and other relief.

### **PRAYER FOR RELIEF**

WHEREFORE, and in light of the foregoing, Plaintiffs pray that the Court:

   A. Grant Plaintiffs' request for a Writ of Mandamus against Defendants;

B. Order Defendants, jointly and severally, to take such steps as may be necessary to complete the security background checks of Plaintiffs and report the results to Nebraska Service Center of the USCIS and Milwaukee Field Office of the USCIS no later than 30 days after entry of such order;

C. Order Defendants, jointly and severally, to adjudicate Plaintiffs' Applications no later than 30 days after the security check results have been report to Nebraska Service Center of the USCIS and Milwaukee Field Office of the USCIS;

D. Retain jurisdiction of this action for purpose of enforcing the orders issued by the Court;

E. Award Plaintiff attorneys' fee and costs pursuant to 28 U.S.C. § 2412 and any other applicable statutory, common law, or Constitutional provision; and

F. Grant Plaintiffs any such other relief as this Court deems just and proper at law and in equity.

Respectfully submitted on _____15th_____ day of November, 2018.

_____
Anna Marie Gallagher (DC Bar #418634)
Maggio & Kattar
1800 Massachusetts Ave NW
Suite 300
Washington, DC 20036
Tel: 202-483-0053
Fax: 202-483-6801
Email: agallagher@maggio-kattar.com

Attorney for Plaintiffs
Mohammad Rafiee
Lida Khalafi

9

# IN THE UNITED STATES DISTICT COURT
## FOR THE DISTRICT OF COLUMBIA

MOHAMMAD RAFIEE  
A208 425 189,  
LIDA KHALAFI  
A214 053 770  
    Plaintiff  

v.                          Civil Action No. _____

**MATTHEW WHITAKER**, Acting Attorney General of the United States;  
**KIRSTJEN M. NIELSEN**, Secretary, U.S. Department of Homeland Security;  
**L. FRANCIS CISSNA**, Director, U.S. Citizenship and Immigration Services;  
**DAVID ROARK**, Director, Texas Service Center, U.S. Citizenship and Immigration Services;  
**CHRISTOPHER WRAY**, Director, Federal Bureau of Investigation;  
**KAY LEOPOLD**, Field Office Director, Madison-Milwaukee Field Office, U.S. Citizenship and Immigration Services  
    Defendants  

## LIST OF EXHIBITS

- **Exhibit 1.** Form I-94s and Travel Histories for Mohammad Rafiee and Lida Khalafi;
- **Exhibit 2.** Form I-797C Notice of Action approving I-140 Petition.
- **Exhibit 3.** Forms I-797C Notices of Action for Applications to Register Permanent Resident or Adjust Status for Mohammad Rafiee and Lida Khalifa.
- **Exhibit 4.** Forms I-797C Notices of Action, Forms I-765 and I-131, copies of Employment Authorization Document/Advance Parole combination cards for Mohammad Rafiee and Lida Khalafi.
- **Exhibit 5.** Confirmation of status inquiries filed with USCIS by Senator Tammy

|  |  |
|---|---|
|  | Baldwin, Mohammad Rafiee, and letter from counsel presented during USCIS INFOPASS appointment. |
| **Exhibit 6.** | DHS-7001 Case Assistance Confirmation, dated June 28, 2018, CIS Ombudsman Service emails correspondence, November 7, 2018. |
| **Exhibit 7.** | Processing Time Report for USCIS Milwaukee Field Office. |
| **Exhibit 8.** | USCIS Memorandum, Donald Neufeld, Acting Associate Director, Domestic Operations, National Security Adjudication and Reporting Requirements – Update (Feb. 9, 2009). |